UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : docket no. 3:20-cr-28-VAB-12 |
| | : |
| LAMONT JEFFERIES, | : July 27, 2022 |
|         Defendant. | |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE -- CO-CONSPIRATOR STATEMENTS**

Pursuant to Fed.R.Evid. 801 *et seq.*, the defendant Lamont Jefferies has moved that the Court exclude during the trial of his case all statements offered as statements of co-conspirators in furtherance of the conspiracy described in count one of the indictment. This memorandum is submitted in support.

*Factual and procedural background:* The third superseding indicment, on which this case will be tried, alleges two conspiracies. Count one alleges a conspiracy to possess with intent to distribute contolled substances. Some of the alleged conspirators will be tried with Lamont Jefferies. Lamont Jefferies is not named in that count and has not been identified as an unindicted co-conspirator.

Count two alleges a different conspiracy. Lamont Jefferies is identified as a member of the count-two conspiracy. We presently anticipate that the Court will try both conspiracy cases together, before a single jury,

*Discussion:* Rule 802, Fed. R. Evid., bars the introduction of hearsay. Rule 801(d)(1)(E) excludes from the definition of hearsay statements "made by [a] party's co-conspirator during and in furtherance of the conspiracy." Our Court of Appeals has instructed district judges that before admitting statements of a co-conspirator, they must make certain factual findings by a preponderance of the evidence. *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969); *see United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993). "[S]tatements that would otherwise be hearsay are admissible under Fed. R. Evid. 801(d)(2)(E) as statements of coconspirators only on the condition that a preponderance of the evidence establishes that a conspiracy existed, that the defendant and declarant were members, and that the statements were

made during the course of and in furtherance of the conspiracy." Such a finding, as a rule, commonly called a *Geaney* finding, should be made outside the presence of the jury. *See Tracy*, 12 F.3d at 1200.

As a matter of sound trial management, district courts frequently admit conditionally the statements the prosecution claims are admissible as co-conspirator statements, and wait until the government rests before determining whether that government has established by a preponderance of the evidence the existence of the conspiracy, that the defendant was a member of the conspiracy, that the declarant was a member of the conspiracy, that the declarant's statement was made during the course of the conspiracy, and that the statement was made in order to advance some objective of the conspiracy.

Here, however, the Court will be unable to make a *Geaney* finding as to Lamont Jefferies, at least with respect to statements made in furtherance of the conspiracy described in count one, because there is no allegation that Mr. Jefferies was a member of that conspiracy. We anticipate that the government will offer many out-of-court statements under the umbrella of count-one conspirator statements and none of them will be admissible against Mr. Jefferies.

The problem will be so pervasive that it cannot, we think, be ameliorated by a jury instruction that statements made in furtherance of the count-one conspiracy should be ignored with respect to Mr. Jefferies. We anticipate that in the context of this case, an instruction that certain statements can be considered against Mr. Jefferies and that others may not will be so complex as to defy human intelligence. We anticipate that the introduction of count one conspirator statements will be so prejudicial as to deny Mr. Jefferies a fair trial, no matter how frequently and how vehemently the Court instructs the jury to ignore them.

***Conclusion:*** For the above-stated reasons, the defendant Lamont Jefferies respectfully requests that the Court preclude the government from offering during the trial of Lamont

3

Jefferies out-of-court statements made in furtherance on the count-one conspiracy, or, in the alternative, to sever the trial of the count one conspiracy from that of count two.

                                        Respectfully submitted,

                                        s/s

                              JEREMIAH DONOVAN
                              123 Elm Street--Unit 400
                              P.O. Box 554
                              Old Saybrook, CT 06475
                              (860) 388-3750
                              FAX 388-3181
                              Juris no. 305346
                              Fed.bar.no. CT 03536
                              jeremiah_donovan@sbcglobal.net